UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

**Brittany Doyle,**

**Plaintiff,**

Civil Action No.  2:25-cv-00548

v.

**Juliet Payseur and 20-22 McGregor Avenue, LLC,**

**Defendants,**

<strong>MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND BRIEF IN SUPPORT</strong>

Plaintiff Brittany Doyle, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(f) for an Order striking Defendants' Affirmative Defenses ¶¶1, 2, 3, 5, and 10–14 of Defendants' Answer as legally insufficient, immaterial, and/or impertinent. In support of this Motion, Plaintiff submits the following brief.

## INTRODUCTION

Plaintiff Brittany Doyle respectfully submits this brief in support of her Motion to Strike Defendants' Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f). Defendants' Answer contains numerous boilerplate and legally insufficient defenses, many of which are not proper "affirmative defenses" at all. These should be stricken to clarify the issues for litigation and avoid prejudice to Plaintiff.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if, as a matter of law, it cannot succeed under any circumstances. *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993).

An affirmative defense must accept the Complaint's allegations as true yet allege new matter that would defeat Plaintiff's claim. *FDIC v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994). Boilerplate defenses unsupported by facts, or those that simply restate denials of liability, are not proper affirmative defenses and should be stricken.

Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), mere legal labels or conclusory assertions are insufficient. Defenses must provide Plaintiff with fair notice of the factual basis for the defense.

**ARGUMENT**

1.
    **Failure to State a Claim (¶1)**
    Defendants assert that "all portions of Intervenor's Complaint fail to state a cause of action." This is not a proper affirmative defense but a Rule 12(b)(6) argument that should be raised in a motion to dismiss, not in an Answer. Courts in this District routinely strike such defenses as improper. See *Modular Homes*, 859 F. Supp. at 120.

2.
    **Vague Blame-Shifting (¶2)**
    Defendants allege Plaintiff's claims arise from actions of "other tenants" or persons outside Defendants' control. This is vague, conclusory, and provides no factual support. It fails under *Twombly* and *Iqbal* and provides Plaintiff with no notice of what conduct is alleged.

3.
    **Unclean Hands (¶3)**
    Defendants' assertion of the unclean hands doctrine in their Answer is legally insufficient and should be stricken. Courts have made clear that the doctrine applies only where the plaintiff's alleged misconduct is directly related to the subject matter of the lawsuit. Here, Defendants have not alleged any specific misconduct by Plaintiff that bears any connection to her claims of discrimination, harassment, or retaliation. See *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001) (unclean hands defense requires misconduct by the plaintiff that is directly related to the transaction at issue); *In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999) (unclean hands applies only where inequitable conduct relates to the very matter in controversy). Conclusory and irrelevant assertions are insufficient and impertinent, and should be stricken.

4.
    **Failure to Mitigate (¶5)**
    Defendants vaguely assert Plaintiff failed to mitigate damages but provide no facts identifying what actions Plaintiff allegedly should have taken. Moreover, it was Defendants' own discriminatory conduct that made mitigation impossible. A party cannot claim "failure to mitigate" where its own unlawful conduct created the very barriers to mitigation. Accordingly, this defense is both conclusory and self-defeating, and should be stricken.

5.
    **Punitive Damages Defenses (¶¶10–14)**
    Defendants argue that Plaintiff's punitive damages claims violate the U.S. and New Jersey Constitutions, including protections against "excessive fines" and violations of due process. These arguments are legally frivolous. Courts have consistently upheld the availability of punitive damages under the Fair Housing Act and state tort law. See *Herman & MacLean v. Huddleston*, 459 U.S. 375, 388 (1983). Such constitutional defenses are immaterial, serve only to confuse the issues and therefore should be stricken.

6.
   **Prejudice to Plaintiff**

   Permitting these conclusory defenses to remain would prejudice Plaintiff by forcing her to conduct unfocused discovery, waste resources addressing legally baseless arguments, and risk jury confusion with immaterial matters. The law disfavors such boilerplate defenses and striking them now will streamline the litigation and focus the issues for trial.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court strike Defendants' improper affirmative defenses, including ¶¶1, 2, 3, 5, and 10–14 of the Answer, **with prejudice**, and grant such other relief as the Court deems just and proper.

Dated: September 2, 2025

Respectfully submitted,

*Brittany Doyle*

Brittany Doyle
Plaintiff, Pro Se
Brittanydoyle831@gmail.com

**CERTIFICATE OF SERVICE**

I, Brittany Doyle, hereby certify that on this Second day of September 2025, I caused a true and correct copy of the foregoing Notice of Motion to Strike Defendants' Affirmative Defenses and the accompanying Brief in Support of Motion to Strike to be served upon counsel for Defendants by the Court's ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 2, 2025

---

**Brittany Doyle**
Plaintiff, Pro Se
brittanydoyle831@gmail.com