# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIET PAYSEUR and 20-22 MCGREGOR AVENUE, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 2:25-cv-00548-BRM-AME |

## MEMORANDUM OF LAW IN OPPOSITION TO INTERVENOR BRITTANY DOYLE'S <u>MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>

*On the brief:*
Seth M. Rosenstein, Esq.
Anthony Sango, Esq.

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ...................................................................................1

FACTS ..........................................................................................................................1

STANDARD OF REVIEW ..........................................................................................2

LEGAL ARGUMENT ..................................................................................................4

     I.     Defendants Sufficiently Pled Their Affirmative Defenses ....................4

     II.    Intervenor Misrepresents The Case Law She Relies On ........................7

     III.   Intervenor's Motion Bears The Hallmarks Of AI Drafting, Heightening The Risk Of Misapplied Or Fabricated Citations ...............................11

CONCLUSION ...........................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................*passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................*passim*

*Cipollone v. Liggett Group*,
  789 F.2d 181 (3d Cir.1986) ........................................................................................ 10-11

*Collura v. City of Philadelphia*,
  590 Fed. Appx. 180 (3d Cir. 2014) ..................................................................................3

*Davis v. Brooks*,
  280 N.J. Super. 406 (App. Div. 1993) .............................................................................5

*FDIC v. Modular Homes, Inc.*,
  859 F. Supp. 117 (D.N.J. 1994) ...............................................................................*passim*

*FDIC v. White*,
  828 F. Supp. 304 (D.N.J.1993) ......................................................................................10

*Gambrell v. Hess*,
  777 F. Supp. 375 (D.N.J. 1991) ..................................................................................8, 14

*Glenside West Corp. v. Exxon Corp.*,
  761 F. Supp. 1100 (D.N.J. 1991) ...................................................................................11

*Gutierrez v. Lorenzo Food Group, Inc.*,
  2025 U.S. Dist. LEXIS 161058 ................................................................................ 13-14

*Herman & MacLean*,
  459 U.S. 375 ...........................................................................................................*passim*

*Jones v. Pittsburgh Nat'l Corp.*,
  899 F.2d 1350 (3d Cir. 1990) ..........................................................................................8

*Mata v. Avianca, Inc*
  678 F.Supp.3d 443 (S.D.N.Y. June 22, 2023) ...............................................................11

*Park v. Kim,*
  72 F.4th 118 (2d Cir. 2023) ................................................................................ 11-12

*RHJ Med. Ctr., Inc. v. City of DuBois*,
  564 Fed. Appx. 660 (3d Cir. 2014) ........................................................................ 6

*Scherer Design Grp., LLC v. Ahead Engineering LLC*,
  764 Fed. Appx. 147 (3d Cir. 2019) ........................................................................ 6

*Thomas v. Conn. Gen. Life Ins. Co.*,
  2003 U.S. Dist. LEXIS 22436 (D. Del. Dec. 12, 2003) ........................................ 8

*Tonka Corp. v. Rose Art Indus., Inc.*,
  836 F. Supp. 200 (D.N.J. 1993) .................................................................. *passim*

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................................. 3

*Zelma v. Wonder Group, Inc.*,
  2025 U.S. Dist. LEXIS 135885 ..................................................................... 12, 14

## Other Authorities

Federal Rule of Civil Procedure 8 .................................................................... *passim*

Federal Rule of Civil Procedure 11 ........................................................................ 1, 8

Federal Rule of Civil Procedure 12 .................................................................. *passim*

Federal Rule of Civil Procedure 32.1 ............................................................... 12-13

Defendants Juliet Payseur and 20-22 McGregor Avenue, LLC (together, "Defendants") respectfully submits this memorandum of law in opposition to Interventor Brittany Doyle's ("Intervenor") Motion to Strike Affirmative Defenses (the "Motion").

## PRELIMINARY STATEMENT

Intervenor's Motion is procedurally and substantively flawed. The Motion misrepresents controlling case law, relies on conclusory assertions, and fails to demonstrate that the affirmative defenses asserted are "insufficient." Moreover, the Motion bears unmistakable hallmarks of having been drafted using artificial intelligence ("AI") tools, which raises concerns about the reliability and accuracy of the cited authorities.

Regardless of Intervenor's *pro se* status, she is bound by Federal Rule of Civil Procedure 11 and has a duty of candor to the Court. Courts within the Third Circuit and beyond have sanctioned litigants for inaccurate or fabricated citations, including those stemming from improper reliance on AI-generated materials. Intervenor's failure to meet these basic obligations warrants denial of her motion and the imposition of sanctions.

## FACTS

On January 15, 2025, the United States of America (the "Government") brought a Complaint against Defendants on behalf of Intervenor (the then-

1

Complainant) alleging violations of the Fair Housing Act. *See* ECF No. 1. On July 9, 2025, after the claims between the Government and Defendants settled, Defendants advised the Court that the matter was settled only as to the Government's Complaint. *See* ECF No. 19.

On August 22, 2025, the Court granted Intervenor's request to intervene in this matter and file a Complaint-in-Intervention. *See* ECF No. 23. On that same date, Intervenor filed her Complaint-in-Intervention, which alleged violations of the Fair Housing Act. *See* ECF No. 24. On August 27, 2025, Defendants filed an Answer and Affirmative Defenses to the Complaint-in-Intervention. *See* ECF No. 25.

On August 28, 2025, Intervenor filed a Motion for Appointment of *Pro Bono* Counsel. *See* ECF No. 26.[1] A few days later, on September 2, 2025, Intervenor filed the Motion currently under consideration by the Court. *See* ECF No. 27.

### STANDARD OF REVIEW

A pleading in defense is only required to "state in short and plain terms its defenses to each claim asserted against it; and … admit or deny the allegations asserted against it by an opposing party." *See* Fed. R. Civ. P. 8(b)(1).

---

[1] Defendants take no position on the Motion for Appointment of *Pro Bono* Counsel.

Rule 12(f) provides that a party may move to strike a pleading of an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. *See* Fed. R. Civ. P. 12(f). Motions to strike defenses are generally disfavored. *FDIC v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994). Accordingly, motions to strike defenses are only appropriate where a defense will not be enforced under any factual circumstances. *Id.* This means that a defense will only be struck when it is not legally sustainable; in other words, the defense must not be recognized by this court. *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993).

Conversely, under Rule 12(b)(6), a party may move to dismiss a **claim** or portion of a claim for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6) (emphasis added). This Rule and its standard are distinct from Rule 12(f). *See Collura v. City of Philadelphia*, 590 Fed. Appx. 180, n. 6 (3d Cir. 2014) (noting different standards of review applicable to Rule 12(b)(6) and Rule 12(f)); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-74, n. 2 (9th Cir. 2010) (treating the analysis and standard of Rule 12(b)(6) and Rule 12(f) as different in a case of first impression). This standard was explained in the seminal cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that plausible on

3

its face'." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard only requires that the factual allegations allow a court to draw the reasonable inference that the responding party is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

These seminal cases -- *Twombly* and *Iqbal* -- only concern themselves with Complaints, not affirmative defense, which are addressed by Rule 12(f) and case law. Indeed, *Iqbal* only discusses defenses to the extent that the plaintiff was required to plead facts sufficient to rebut a presumptive qualified immunity defense. *See, generally, Iqbal*, 556 U.S. 662.

## LEGAL ARGUMENT

### I. Defendants Sufficiently Pled Their Affirmative Defenses.

Defendants bear a low burden in pleading their affirmative defenses: plead legal doctrines that are recognized by the Court. Each and every affirmative defense pled is either a recognized legal doctrine in the State of New Jersey or in federal law, or a factual assertion that, if proven, would defeat a key element of Intervenor's claims. Accordingly, Defendants have satisfied their burden under Rule 8(b)(1) and Rule 12(f).

Intervenor identifies five (5) affirmative defenses that she takes issue with. However, Intervenor does not assert that the affirmative defenses are legally unsustainable, but rather that, despite Rule 8(b)(1) and Rule 12(f), Defendants have

4

not sufficiently pled the affirmative defenses. Defendants are only required to plead legally cognizable affirmative defenses, not facts sufficient to establish those affirmative defenses. *See Modular Homes, Inc.*, 859 F. Supp. at 120; *see also Tonka Corp.*, 836 F. Supp. at 217. Indeed, it would be unreasonable and without basis in law or rule to require Defendants to prove their affirmative defense in their Answer without the benefit of discovery.

<u>First</u>, Intervenor addresses Defendants' affirmative defense alleging that Intervenor failed to state a claim. Rule 12(b)(6) is a permissive rule, meaning that while "a party ***may*** assert … by motion … failure to state a claim upon which relief can be granted…," Defendants are not required to do so. *See* Fed. R. Civ. P. 12(b)(6) (emphasis added). In fact, Rule 12(b) states that "[e]very defense to a claim for relief in any pleading ***must be asserted in the responsive pleading***," meaning Defendants would be forfeiting their right to assert this affirmative defense is they did not do so in the Answer. *See* Fed. R. Civ. P. 12(b) (emphasis added). Accordingly, Defendants appropriately pled this affirmative defense and was required to do so.

<u>Second</u>, though Intervenor describes it as "vague blame-shifting," Defendants pled an affirmative defense sounding in a superseding or intervening cause resulting in Intervenor's alleged harm. An intervening cause is a factual issue which will be explored in discovery and presented to the factfinder at trial. *See Davis v. Brooks*, 280 N.J. Super. 406, 410 (App. Div. 1993) (collecting cases). Intervenor also

5

references *Twombly* and *Iqbal*, which both do not apply in this context as they interpret a different Rule. *See supra*, Standard of Review. Accordingly, Defendants appropriately pled that they believe, and will prove at trial, that other individuals were intervening causes to Intervenor's alleged harm.

<u>Third</u>, Intervenor takes issue with Defendants' affirmative defense of unclean hands, claiming it is "legally insufficient." This Circuit recognizes the doctrine of unclean hands. *See Scherer Design Grp., LLC v. Ahead Engineering LLC*, 764 Fed. Appx. 147, 149-150 (3d Cir. 2019). Again, having asserted this affirmative defense, Defendants have satisfied their obligations under Rule 8(b)(1) and Rule 12(f).

<u>Fourth</u>, Intervenor argues that the affirmative defense of failure to mitigate damages should be dismissed because it is "conclusory and self-defeating." However, failure to mitigate damages is a widely recognized affirmative defense. *See RHJ Med. Ctr., Inc. v. City of DuBois*, 564 Fed. Appx. 660, 667 (3d Cir. 2014). Accordingly, Defendants satisfied their obligation and pled a legally recognized affirmative defense.

<u>Fifth</u>, Intervenor wrongly asserts that punitive damages in Fair Housing Act cases have been upheld. Intervenor cites *Herman & MacLean v. Huddleston*, which deals not with the Fair Housing Act but securities litigation. *See, generally,* 459 U.S. 375 (1983). Therefore, Intervenor is expressly misrepresenting the cited case law and it cannot be applied in this context. Moreover, Intervenor puts the cart before

6

the proverbial horse as Defendants do not know what punitive damages may be levied against them at this early stage of litigation. Still, Defendants are entitled to reserve their right to assert that those punitive damages may be excessive in violation of the federal and state constitutions.

<u>Finally</u>, Intervenor alleges that she would be prejudiced if Defendants were permitted to plead their affirmative defenses. *See* ECF No. 27 at 3. However, prejudice is not a factor to consider under Rule 12(f). *See supra*, Standard of Review. Intervenor's argument constitutes misdirection and is a legally untenable argument. Defendants must be permitted to assert all available affirmative defenses.

For these reasons, Defendants respectfully posit that they have sufficiently pled their affirmative defenses in compliance with the controlling Rules and case law, and the Motion should be denied.

## II.     <u>Intervenor Misrepresents The Case Law She Relies On</u>.

Concerningly, Intervenor invokes cases such as *Twombly*, *Iqbal*, *Modular Homes, Inc.*, and *Tonka Corp.*, but her citation and characterization of these cases is plainly misleading. As noted *supra*, Intervenor blatantly misrepresented the *Herman & MacLean* decision, but her misrepresentations do not stop there. Though she may be a *pro se* litigant, Intervenor is nonetheless bound by the same ethical duties enforced on parties appearing before this Court, including truthfulness and candor. Misrepresenting case law violates that duty.

7

Rule 11 applies not only to attorneys, but also to parties representing themselves before the Court. *See, e.g., Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1357 (3d Cir. 1990) (holding that Rule 11 "applies only to pleadings, motions or other papers signed by an attorney or a party"). A litigant's *pro se* status does not act as an impenetrable shield to allow a *pro se* litigant to baselessly harass the adverse parties and "clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Gambrell v. Hess*, 777 F. Supp. 375, 384 (D.N.J. 1991). The Courts have "the power to sanction abusive *pro se* litigants. *Thomas v. Conn. Gen. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 22436, *3 (D. Del. Dec. 12, 2003).

Though Intervenor may be a *pro se* litigant, she is still bound by Rule 11. Her choice to proceed *pro se* is done at her own risk, and she is still required to ensure that she is truthful, acts with full candor to the Court, and does not make misrepresentations. Her conduct here falls well below that standard, extending beyond merely misstating or misquoting a holding.

At the outset, neither *Twombly* nor *Iqbal* deal with nor decide issues under Rule 12(f), which is the basis for Intervenor's Motion. Indeed, neither so much as cites Rule 12(f). *See, generally, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; s*ee, generally, Ashcroft v. Iqbal*, 556 U.S. 662. The *Iqbal* Court discussed defenses only to the extent that the plaintiff needed to plead facts that, if true, would circumvent qualified immunity of the then-FBI director and then-attorney general. *Iqbal*, 556

U.S. at 670-5. Most incredibly, the *Twombly* dissent mentions "defense" in passing -- not as a legal concept but as a reference to **the defense bar**. *See Twombly*, 550 U.S. at 582, 584, 595 (Stevens, dissenting). Intervenor's citation to these foundational cases is a grave misrepresentation of their significance, and, as discussed *infra*, is indicative of the use of an AI platform to draft this frivolous Motion.

In *Modular Homes, Inc.,* this Court noted that motions to strike defenses are generally disfavored. 859 F. Supp. at 120. This Court found that motions to strike should only be granted where a defense is legally insufficient under any set of facts. *Id.* In *Tonka Corp.*, this Court again noted that motions to strike defenses are not favored. 836 F. Supp. at 217. Critically, the Court recognized that it is difficult to decide a case without a factual record, calling striking a pleading a "drastic remedy" that "should be used sparingly by courts." *Id.* The Court explained that an affirmative defense is insufficient if it is not recognized as a defense to the cause of action. *Id.*

In direct contradiction to the language of *Modular Homes, Inc.* and *Tonka Corp.*, despite citing these opinions, Intervenor posits that "Courts in this District routinely strike such defenses as improper." *See* ECF No. 27 at 2. Intervenor is explicitly misstating controlling case law. This is not merely stretching a holding analysis; Intervenor is encouraging the Court to take certain actions with

9

representations of the "routineness" of this Motion while *Modular Homes, Inc.*, and *Tonka Corp.* expressly urge caution.

Most strikingly, Intervenor cites to *Herman & MacLean v. Huddleston* for the proposition that the Supreme Court of the United States has upheld Fair Housing Act punitive damages. *See* ECF No. 27 at 2. However, *Herman & MacLean* decided an issue concerning **securities litigation** -- not the Fair Housing Act. *See, generally, Herman & MacLean*, 459 U.S. 375. In fact, *Herman & MacLean* does not even deal with or decide any issue under Rule 12(f). *See, generally, id.* This is a baffling conclusion to draw from a securities litigation opinion, leading to the necessary conclusion that this Motion was prepared using an AI platform.

Looking past Intervenor's misrepresentations to the Court, she asserts that "boilerplate defenses" must be stricken, which is plainly false. Courts in this District have routinely held that motions to strike affirmative defenses are disfavored and will not be granted unless the insufficiency of the defense is clearly apparent. *See Tonka Corp.*, 836 F. Supp. at 217 ("Motions to strike, however, are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.") (internal citation omitted); *see also FDIC v. White*, 828 F. Supp. 304, 307 (D.N.J.1993) (*citing Cipollone v. Liggett Group*, 789 F.2d 181, 188 (3d

Cir.1986); *Glenside West Corp. v. Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991)).

Accordingly, in light of the narrow circumstances wherein the Court might strike affirmative defenses for pleading reasons, the Motion should be denied. Plainly, each and every affirmative defense identified by Intervenor is legally cognizable and indeed quite common -- *i.e.*, failure to state a claim, non-liability, contributory and/or comparative negligence, superseding acts of non-parties, unclean hands, failure to mitigate damages, and good faith on the part of Defendant. These are all factual defenses which will be subject to discovery, as is regular practice and expected by members of the bar.

### III. Intervenor's Motion Bears The Hallmarks Of AI Drafting, Heightening The Risk Of Misapplied Or Fabricated Citations.

Intervenor has a pending motion before this Court seeking the appointment of *pro bono* legal counsel, asserting that she "lacks the financial resources to retain private counsel." *See* ECF No. 26 at 1. In light of the phrasing and structure of the Motion submitted to the Court, it is clear that it bears the hallmarks of AI drafting, which heightens the risk of misapplied or fabricated citations -- which, as demonstrated *supra*, has already occurred.

Courts have cautioned against uncritical use of such tools. In *Mata v. Avianca, Inc.*, sanctions were imposed where AI-generated filings contained non-existent cases. 678 F.Supp.3d 443 (S.D.N.Y. June 22, 2023). Similarly, in *Park v. Kim*, the

11

court condemned legal counsel's reliance on an AI tool and failure to "read or otherwise confirm the validity of the (non-existent) decision she cited." 72 F.4th 118 (2d Cir. 2023). We respectfully submit that this Court should reject Intervenor's Motion in its entirety, particularly given the mischaracterizations detailed herein.

    The Courts of this Circuit do not tolerate the use of general-use AI platforms to produce legal filings, which often contain fabricate case law citations, as is the case here. Just this year, the Honorable Evelyn Padin, U.S.D.J., issued two opinions addressing the use of generative AI in legal filings. In *Zelma v. Wonder Group, Inc.*, Judge Padin noted that the *pro se* plaintiff there cited quotations and propositions from a variety of cases that the Court could not find. 2025 U.S. Dist. LEXIS 135885, *1-2 (D.N.J. July 14, 2025).[2] Judge Padin ordered that the plaintiff: (1) for cases quoted, provide a PDF copy of each case; (2) for cases cited but not quoted, provide a PDF copy of each case with highlights to the sentences supporting the stated proposition; (3) for any cases that cannot be provided, an explanation as to where the plaintiff found the quotation or case; and (4) the plaintiff was required to disclose if he used generative AI and, if so, to what extent. *Id.* at *3-4.

---

[2]    Pursuant to Rule 32.1(b), a true and accurate copy of *Zelma v. Wonder Group, Inc.*, 2025 U.S. Dist. LEXIS 135885, is annexed to the Declaration of Anthony Sango, Esq. ("Sango Decl.") as **Exhibit A**.

In *Gutierrez v. Lorenzo Food Group, Inc.*, Judge Padin found that an attorney included a long series of inaccurate citations of legal opinions. 2025 U.S. Dist. LEXIS 161058, *6-29 (D.N.J. Aug. 19, 2025).³ Consequently, Judge Padin ordered counsel to shall file a letter explaining the discrepancies between cited case law and stated propositions, as well as disclosing whether generative AI was used to draft any part of the filing. *Id.* at *31. The Court left open the door to seek sanctions for the use of generative AI, noting that there is a duty to confirm the law before filing papers with the Court. *Id.* at *28-29; *see also id.*, n. 17.

Here, Intervenor's Motion bears indicia of the use of AI drafting tools. For example, as discussed *supra*, Intervenor grossly misrepresented the holdings and reasonings of foundational cases *Twombly* and *Iqbal*. Even an untrained eye would see that those cases interpreted and expanded on Rule 12(b)(6), not Rule 12(f); it does not take a legal degree to see the difference between those two subsections.

Intervenor's reliance on AI to prepare the Motion on her behalf, citing improper or false citations, is grounds for sanctions. Intervenor's Motion is a textbook example of AI "hallucinations": the generative AI platform used by Intervenor was likely prompted to draft a motion to dismiss affirmative defenses; "tokenized" words like "motion," "dismiss," "affirmative," and "defenses"; found

---

³ Pursuant to Rule 32.1(b), a true and accurate copy of *Gutierrez v. Lorenzo Food Group, Inc.*, 2025 U.S. Dist. LEXIS 161058, is annexed to the Sango Decl. as **Exhibit B**.

13

case law interpreting Rule 12(b)(6) and referencing affirmative defenses in passing, *i.e.*, *Iqbal*; and "hallucinated" that *Twombly*, *Iqbal*, and its progeny supported the frivolous Motion, despite a critical reading demonstrating the opposite.

The Court should not sanction Intervenor merely because she utilized generative AI in drafting the Motion. Rather, the Court should sanction Intervenor because the product of the generative AI submitted to the Court resulted in frivolous litigation, wasteful motion practice, unnecessary cost to Defendants and, most critically, would have plainly misled the Court but for this opposition brief. *See Zelma*, 2025 U.S. Dist. LEXIS 135885; *see also Gutierrez*, 2025 U.S. Dist. LEXIS 161058. Intervenor cannot hide behind her *pro se* status when she misleads the Court and supplants actual case law with AI hallucinations. *See Gambrell v. Hess*, 777 F. Supp. at 384.

For these reasons, Plaintiff should be sanctioned for her attempt to mislead the Court, as well as her waste of judicial resources and those of Defendants expended with defending against the plainly frivolous Motion.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Intervenor's Motion in its entirety, sanction Intervenor for the reasonable attorneys' fees and costs attendant to opposing the frivolous Motion, and grant such, other, further, and additional relief as the Court deems just and proper.

Dated: Woodland Park, New Jersey  **ANSELL GRIMM & AARON, P.C.**
September 22, 2025

By: <u>s/ Anthony Sango</u>
Seth M. Rosenstein, Esq.
Anthony Sango, Esq.
365 Rifle Camp Road
Woodland Park, NJ 07424
(973) 247-9000
srosenstein@ansell.law
asango@ansell.law

*Attorneys for Defendants*