NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JULIET PAYSEUR and 20-22 MCGREGOR AVENUE, LLC,<br><br>        Defendants. | Civil Action No. 25-00548-BRM-AME<br><br>OPINION and ORDER |

**ESPINOSA, U.S.M.J.**

  This matter is before the Court on the motion filed by pro se plaintiff-intervenor Brittany Doyle ("Doyle") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 26]. The Court has considered the written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

**I. BACKGROUND**

  This action arises under the Fair Housing Act ("FHA"). It was initiated as a civil enforcement action by the United States of America ("United States"), pursuant to 28 U.S.C. § 3612(o), based on allegations that defendants Juliet Payseur and 20-22 McGregor Avenue, LLC (collectively "Defendants") "discriminated against Doyle, a mother who lived in subsidized housing with her children, based on race by demanding a significant rent increase and by requiring burdensome lease terms for Doyle, a Black woman, while treating a white tenant more favorably in both respects" and, further, that Defendants retaliated against Doyle after she filed a complaint with the U.S. Department of Housing and Urban Development for violation of her

1

rights under the FHA. *See* Compl. ¶ 2. The United States reached a negotiated resolution of its claims for declaratory and injunctive relief, but that settlement expressly did not resolve any claims Doyle may elect to pursue against Defendants pursuant to the FHA, should she exercise her right to intervene in this action under 42 U.S.C. § 3614(e). *See* Settlement Agreement ¶¶ 9, 35 at D.E. 22-1.

Doyle moved to intervene, and the Court granted her motion on August 22, 2025. With leave of Court, Doyle filed her own Complaint-in-Intervention, seeking damages and equitable relief for the same alleged housing discrimination underlying the United States's civil enforcement action.[1] Specifically, Doyle's Complaint alleges that after Doyle was offered tenancy at 20-22 McGregor Avenue with a valid Section 8 housing voucher, "Defendants imposed discriminatory lease terms on [her] and her children, including a shorter lease period and added conditions not applied to similarly situated white tenants." Doyle Compl. ¶ 9. It further alleges that when Doyle questioned the unfair treatment, Defendants launched a campaign of harassment and intimidation against her, including installation of surveillance cameras pointed exclusively at her unit and depriving her unit of heating oil. *Id.* ¶ 10. Doyle alleges Defendants' discriminatory and retaliatory acts caused her to lose her housing voucher, incur costs to live at a hotel, miss critical medical appointments, and suffer emotional trauma and anxiety, among other things. *Id.* ¶¶ 11-12. Her Complaint asserts a sole claim for violation of the FHA.

On August 28, 2025, Doyle filed this motion for appointment of pro bono counsel.

---

[1] Doyle's Complaint-in-Intervention is filed at docket entry 24 of this action. For simplicity, and to avoid confusion with the Complaint filed by the United States, this Opinion and Order cites the Complaint-in-Intervention as "Doyle Compl."

**II.     DISCUSSION**

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)).

Here, Doyle argues appointment of pro bono counsel is warranted because the action involves complex issues of law and fact, which she maintains will entail a detailed evidentiary presentation requiring legal expertise. She asserts she lacks the financial resources to retain an attorney and, despite her diligent search, has been unable to secure representation. Additionally, she notes that Defendants have legal representation, arguing this situation "creates a significant imbalance that prejudices Plaintiff-Interventor's ability to fairly litigate this matter without legal assistance." Mot. ¶ 4. Thus, Doyle argues that, because she lacks the legal expertise required to effectively prosecute her claims, Court-appointed pro bono counsel is necessary to ensure fairness in these proceedings.

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155). If the claim has some merit, the Court should consider the following factors:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations; and

6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

For purposes of this motion only, and in view of the initiation of this action by the United States as a civil enforcement action under the FHA, the Court will assume Doyle's Complaint has some arguable merit in fact and law. Thus, Doyle satisfies the threshold requirement for appointment of counsel. Nevertheless, an analysis under the *Tabron* factors militates against appointing pro bono counsel. The Court will consider the six factors in turn.

First, Doyle has demonstrated she is able to present her own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Doyle's various filings to the Court demonstrate she is not only literate, but displays a firm command of legal terminology, the factual basis for his action, applicable statutory provisions, and the litigation process. She successfully moved for leave to intervene in this action, invoking her right to do so under the FHA. Doyle's motion included her proposed Complaint, which cogently presented the alleged facts on which her private cause of action under the FHA is based. After the Court

4

granted her motion, and Defendants filed an Answer to her Compliant, Doyle moved under Federal Rule of Civil Procedure 12(f) to strike various affirmative defenses, further reflecting her ability to navigate the filing process, draft motions, and ably present her arguments and requests for relief under the Rules. For these reasons, the first *Tabron* factor weighs heavily against Doyle's request for the appointment of counsel.

 Second, this action does not involve overly complex legal or factual issues. The case revolves around the straightforward allegations of racially discriminatory acts and housing practices during Doyle's tenancy at the property owned and/or operated by Defendants at the relevant time. Doyle alleges that, because she is Black woman with children, she was subjected to worse treatment in her tenancy and less favorable lease terms than Defendants' white tenants, and further alleges that Defendants retaliated against her in various ways when she complained of this treatment. This action is based on a discrete set of facts that are largely, if not entirely, familiar to Doyle based on her experience with Defendants' alleged misconduct. Moreover, there is a sole legal claim at issue for violation of the FHA arising out of these alleged facts. Thus, the second *Tabron* factor also weighs against appointment of counsel.

 Third, this action is not likely to require extensive or complicated discovery. The claims arise out of the circumstances of Doyle's alleged discriminatory treatment by her landlord. The facts at issue are limited in substantive and temporal scope. Although written interrogatories, document demands, and depositions will likely be required to explore the allegations, Doyle has demonstrated her capability to access resources, prepare legal documents, interpret and apply the Federal Rules of Civil Procedure, and review case filings.

 Fourth, the Court must consider whether Doyle can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* ("IFP") status, based on a

demonstration of indigency. *Montgomery*, 294 F.3d at 505. Here, Doyle intervened in this action as of right and therefore did not need to pay a filing fee or move to proceed without payment of fees, that is, IFP. However, her motion for pro bono counsel does not include the usual documentation litigants submit to demonstrate indigency, such as required in support of an IFP application. Although Doyle's inability to afford counsel may, to some extent, be inferred from her past eligibility for federal housing assistance through Section 8 vouchers, the Court lacks sufficient evidence on this motion to meaningfully assess whether she currently has the financial resources to retain an attorney. Moreover, even assuming Doyle is unable to afford counsel, this factor does not, by itself, warrant granting her request for pro bono counsel.

Fifth, the Court must consider whether the action depends on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Insofar as Doyle has alleged racially motivated housing discrimination and retaliation, which Defendants deny, it appears her FHA claim may depend, in part, on the anticipated and potentially competing testimony by the parties and any witnesses they may disclose. However, there is no indication the FHA claim will be "solely" a swearing contest, and Doyle has not identified any insurmountable difficulty in exploring any credibility issues that may arise.

Sixth, the Court must consider whether the action may require expert testimony. Although this action is in its earliest stages, neither Doyle's Complaint nor her motion for appointment of counsel indicate that expert testimony will be needed. Thus, this factor also weighs against granting the request for pro bono counsel.

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action under Section 1915. *Parham*, 126 F.3d at 458. Here,

6

Doyle has demonstrated an ability to prepare and file documents without the assistance of counsel, as well as knowledge of the procedural and substantive matters involved in pursuing this action. The totality of the *Tabron* framework militates against allocating the scarce resource of pro bono counsel to represent her in this action.

### III.   CONCLUSION AND ORDER

As set forth above, the Court concludes, in its discretion, that appointment of pro bono counsel is not warranted. Accordingly,

**IT IS** on this 10th day of October 2025,

**ORDERED** that the motion by plaintiff Brittany Doyle for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 26] is **DENIED**.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge